

# THE ATTORNEY GENERAL
## OF TEXAS

April 6, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. John Hille                          Opinion No. JM-885
Acting Executive Director
Texas National Guard                    Re: Construction of certain
   Armory Board                         riders to the current appro-
P. O. Box 5218                          priation for the National
Austin, Texas   78763                   Guard Armory Board (RQ-1210)

Dear Mr. Hille:

You have requested an opinion construing a rider in the current appropriations act which provides that certain expenditures from appropriations to the National Guard Armory Board may be made only through interagency contracts with the Adjutant General's Department. The relevant items of appropriation, found in the combined appropriation to the Adjutant General's Department and National Guard Armory Board, are as follows:

ADJUTANT GENERAL'S DEPARTMENT/NATIONAL GUARD ARMORY BOARD

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1988 | August 31, 1989 |
| **National Guard Armory Board:** | | |
| a. Administration and Support Services | $ 2,820,441 | $ 2,905,817 |
| b. Acquisition and Construction | | 4,670,710 |
| Total, Facilities Acquisition | $ 2,820,441 | $ 7,576,527 |
| **Facilities Maintenance:** | | |
| a. National Guard Armory Board | $ 2,594,467 | $ 2,638,584 |
| b. Adjutant General's Department | 2,020,513 | 2,020,513 |
| c. Utilities, National Guard Armory Board | 2,366,709 | 2,366,709 |
| Total, Facilities Maintenance | $ 6,981,689 | $ 7,025,806 |

General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. I, at 525. The rider you inquire about is rider 17, which provides as follows:

> 17. Expenditures from Item 4.b. Acquisition and Construction, and Item 5.a. Facilities Maintenance, National Guard Armory Board, be made [sic] only through interagency contracts with the Adjutant General's Department. In addition, from Item 4.a. Administration and Support Services, expenditures of $146,826 in fiscal year 1988 and $233,802 in fiscal year 1989 shall be made only through interagency contracts with the Adjutant General's Department.

Id. at 525. You suggest that the Adjutant General's Department lacks authority to engage in construction and that it may not enter into a contract under the Interagency Cooperation Act to provide construction services to the National Guard Armory Board. V.T.C.S. art. 4413(32), §3.

The validity of an appropriations act rider is determined by reference to article III, section 35, of the Texas Constitution, which provides in part:

> Sec. 35. (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject. (Emphasis added.)

Tex. Const. art. III, §35. The Texas Supreme Court has explained the underlined language as follows:

> Despite the apparent exception for general appropriations bills, it has been held that they too must be limited to a single subject, which is the appropriation of funds to be paid from the State Treasury. Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 599 (1946); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899). See also Texas Attorney General Opinion No. V-1254 (1951).

Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975). An "item of appropriation" sets aside or dedicates funds for a specified purpose, while a valid rider qualifies or directs the use of appropriated funds

or is merely incidental to an appropriation. Jessen Associates, Inc. v. Bullock, supra at 599. To be valid, a rider must be germane to the appropriation of funds. Id. at 601. A rider attached to a general appropriation bill cannot adopt, repeal, modify, or amend an existing general law. Strake v. Court of Appeals, 704 S.W.2d 746 (Tex. 1986); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Linden v. Finley, 49 S.W. 578 (Tex. 1899); Attorney General Opinion V-1254 (1951).

You suggest that rider 17 is invalid on the ground that the Adjutant General's Department lacks authority to enter into an interagency contract to construct buildings for the Armory Board. You argue, in effect, that rider 17 is invalid because it is inconsistent with provisions of general law governing the Adjutant General's Department, and it thus attempts to amend general law.

The following provisions of the Interagency Cooperation Act are relevant to your argument:

> Sec. 3. Any state agency may enter into and perform a written agreement or contract with other agencies of the state for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment. . . . Provided, however, nothing herein shall authorize any agency to construct any highway, street, road, or other building or structure for any other agency, except as otherwise specifically authorized by existing law. . . .

> . . . .

> Sec. 5. No agreement or contract may be entered into or performed which will require or permit an agency of the State to exceed its constitutional or statutory duties and responsibilities, or the limitations of its appropriated funds.

V.T.C.S. art. 4413(32), §§3, 5.

You point out that the Adjutant General's Department has no express authority to construct any building. The National Guard Armory Board, in contrast, was established to acquire sites and build armories to house the Texas National Guard and its equipment, and to provide a means of financing the construction of armories. Texas National

Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939); see Texas Public Building Authority v. Mattox, 686 S.W.2d 924 (Tex. 1985). The Armory Board

> is a public authority and a body politic and corporate and has all powers necessary for the acquisition, construction, rental, control, maintenance, and operation of Texas National Guard or Texas State Guard armories, including all property and equipment necessary or useful in connection with the armories.

Gov't Code §435.013. It may issue bonds to acquire building sites or to construct, remodel, equip, or repair buildings and may lease buildings to the Adjutant General's Department. Gov't Code §§431.030, 435.023, 435.041(a).

This brief summary of important provisions governing the Armory Board shows its close connection with the Adjutant General's Department. In addition, the Armory Board is composed of three senior officers of the Texas National Guard and three members of the general public who are appointed by the governor with the advice and consent of the Senate. Gov't Code §435.004.

Although the Armory Board has express power to construct buildings for the National Guard, it does not necessarily have exclusive power over construction. The adjutant general has broad powers which, in our opinion, include implied authority to build, maintain, and repair buildings necessary to carry out his responsibilities. He controls the military department of the state, which includes the Texas National Guard and the the Texas State Guard. Gov't Code §§431.022, 431.001(3)(4). The adjutant general is subordinate only to the governor, who is commander-in-chief of the state military forces. Gov't Code §431.002. He is directed by statute to

> perform for the state as near as practicable the duties that pertain to the chiefs of staff of the army and air force and the secretaries of the military services, under regulations and customs of the United States armed forces. . . .

Gov't Code §431.029(2). Federal law provides that the Secretary of the Army

> is responsible for, and has the authority necessary to conduct, all affairs of the Department of the Army, including the following functions:
>
> (1) Recruiting.
> (2) Organizing.
> (3) Supplying.
> (4) Equipping (including research and development).
> (5) Training.
> (6) Servicing.
> (7) Mobilizing.
> (8) Demobilizing.
> (9) Administering (including the morale and welfare of personnel).
> (10) Maintaining.
> (11) The construction, outfitting, and repair of military equipment.
> (12) <u>The construction, maintenance, and repair of buildings, structures, and utilities</u> and the acquisition of real property and interests in real property necessary to carry out the responsibilities specified in this section. (Emphasis added.)

10 U.S.C. §3013. Section 431.029 of the Government Code, read together with section 3013 of title 10, United States Code, gives the Adjutant General some authority to build, maintain and repair buildings as necessary to carry out his duties. Moreover, the Adjutant General has authority to "employ clerks, employees, and <u>laborers</u> as necessary to carry on the operations of the department." (Emphasis added.) Gov't Code §431.028. The <u>Report to the Sunset Advisory Commission</u> by the Adjutant General's Department indicated that the department had responsibility to see that facilities to house and train the army and air guard units were constructed and maintained in servicable condition. Adjutant General's Department, <u>Report to the Sunset Advisory Commission</u>, at 2. The department's annual report for 1987 described the responsibilities of its Directorate of Facilities Engineering as the development, acquisition, construction, maintenance and operation of facilities for the Texas Army National Guard. Adjutant General's Department of Texas, <u>Annual Reports</u>, at 22-23. Construction projects included a warehouse, a troop medical clinic, and an armory. <u>Id.</u> at 42. Texas National Guard engineering units performed some of the construction and maintenance work. <u>Id.</u> at 23.

The Adjutant General's Department has implied authority to construct and maintain buildings when necessary to carry out its statutory responsibilities. Rider 17 does not confer general law powers on the Adjutant General's Department, but instead recognizes that it has authority to provide construction services. Nor does this rider attempt to confer upon the Adjutant General's Department the Armory Board's discretion to decide what construction and repair projects to undertake. The rider contemplates that the Armory Board will contract with the Adjutant General's Department, instead of a private construction company, for the supervision of construction services necessary to implement its decision.

Rider 17 also requires expenditures for maintenance of facilities to be made only through interagency contracts with the Adjutant General's Office. As already pointed out, the Adjutant General's Office has implied authority to maintain buildings, and the Armory Board's decisions about building maintenance may be implemented by a contract with the Adjutant General's Office. Rider 17 requires some of the Armory Board's expenditures for administration and support services to be made through interagency contract. Attorney General Opinion MW-352 (1981) decided that the National Guard Armory Board could contract with the adjutant general under the Interagency Cooperation Act for the services of employees.

We finally point out that rider 17 differs from the rider which was said to be invalid in Attorney General Opinion MW-585 (1982). The rider at issue in that opinion stated in part:

> It is the intent of the Legislature that an interagency contract shall be executed between the State Board of Barber Examiners and the Texas Cosmetology Commission to reduce duplication of activities in inspections, enforcement and examination.

General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at 3376. This rider was invalid because it did not appropriate funds, nor did it detail, limit or restrict the use of funds appropriated elsewhere. Instead, it directed the State Board of Barber Examiners and the Texas Cosmetology Commission to take specific affirmative action. Attorney General Opinion MW-585 (1982).

Rider 17 is also distinguishable from the rider held invalid in Attorney General Opinion JM-167 (1984). That

rider to the appropriation for the State Commission for the Blind provided in part:

> 9. It is the intent of the Legislature that out of funds appropriated above in item 5.c. Older Blind Contract Training an amount not to exceed $272,146 each fiscal year shall be expended for entering into a contract with the Texas Lions League or a similar organization to provide rehabilitative services to blind adults. . . .

Acts 1983, 68th Leg., ch. 1095, art. II, §9, at 5954. The opinion pointed out that the State Commission for the Blind had permissive authority to cooperate with public and private agencies in providing facilities and services for vocational rehabilitation of blind individuals. Human Resources Code §91.052(b)(1). The rider attempted to make mandatory a contract which general law made permissive. It therefore was invalid general legislation contained in an appropriations act in violation of article III, section 35, of the Texas Constitution. Attorney General Opinion JM-167 (1984).

Rider 17 does not attempt to impose a mandatory duty on the Armory Board to contract with a private entity, or to enter into any contract at all. Instead, it conditions the board's receipt of appropriated funds for construction and maintenance on the board's contracting with the Adjutant General's Department to perform the work. See generally Attorney General Opinion V-1254 at 10 (1951) (discussing appropriations subject to a condition). General law establishes a close relationship between the functions of the Armory Board and those of the Adjutant General's Office, and the appropriations act recognizes this connection by giving the two entities a combined appropriation. In view of these circumstances, we believe the legislature may allocate funding to a cooperative endeavor between the two entities as it has done in rider 17. See generally Attorney General Opinion JM-256 (1984) (power to allocate public funds between state agencies is a legislative power). Rider 17 does not attempt to enact, amend, or repeal a general law in violation of article III, section 35(a), of the Texas Constitution.

### S U M M A R Y

> The Adjutant General's Department, governed by chapter 431 of the Government Code, has implied authority to build and maintain facilities. Rider 17 to the

combined appropriation to the Adjutant General's Department and the National Guard Armory Board in the current appropriation act, which provides that an appropriation to the Armory Board for construction and maintenance may be spent only through interagency contracts with the Adjutant General's Office, does not violate article III, section 35, of the Texas Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General